IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRAPINE LTD. ) | No. 2:08-cv-02144-MCE-DAD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| REFINER PRODUCTS ) | |
| MANUFACTURING INC. ) | |
| ) | |
| Defendant. ) | |

**STIPULATION AND PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION PRODUCED BY METSO PAPER INC.**

WHEREAS, counsel for defendant Refiner Products Manufacturing Inc. has served a subpoena for production of documents on non-party Metso Paper, Inc. ("Metso");

WHEREAS, Metso has indicated that certain documents that are responsive to this subpoena reveal trade secrets and/or proprietary information; and that Metso could suffer immediate and irreparable harm if non-public and sensitive confidential information were disclosed publicly;

WHEREAS, the parties, by and through counsel, have stipulated and agreed that the following stipulation and protective order regarding confidential information (the "Stipulation and Order") shall govern the handling of documents

1

produced by Metso in the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Metso Discovery Material").

WHEREAS, counsel for Metso, who will produce Metso Discovery Material on Metso's behalf, or any representative of Metso, shall be collectively referred to herein as the "Producing Party."

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that:

1. Any Producing Party may designate any Metso Discovery Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" under the terms of this Stipulation and Order if such party in good faith believes that such Metso Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material" or "Highly Confidential Discovery Material"). For purposes of this Stipulation and Order, information considered to be Confidential Discovery Material includes all non-public materials containing information related to: product developments; trade secrets; proprietary technical or business information; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial data (*e.g.*, cost, pricing, profit,

loss and direct and indirect rate data); government or commercial contract documents or contract data; tax data; financial or business plans or projections; proposed strategic transactions or other business combinations; competitive analyses; personnel information; financial results or data; personal financial information; or other commercially or personally sensitive or proprietary information.

2. For purposes of this Stipulation and Order, information considered Highly Confidential Discovery Material may include, but is not limited to, trade secrets, confidential technical information, technical practices, methods, or other know-how, pricing data, sales information, customer-confidential information, and proprietary and commercially sensitive information.

3. Any Producing Party may also apply to the Court for an order to supplement the foregoing categories of Confidential and Highly Confidential Discovery Material or to designate particular documents not within the foregoing categories as Confidential and Highly Confidential Discovery Material.

4. Metso Discovery Material, or information derived therefrom, and any Metso materials produced by any party shall be used solely for the purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business, proprietary, or commercial purpose.

5. The designation of Metso Discovery Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatories, or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Highly Confidential—Attorneys' Eyes Only" to each page containing any Confidential or Highly Confidential Discovery Material, except that in the case of multipage documents bound together by staple or other permanent binding, the word(s) "Confidential" or "Highly Confidential—Attorneys' Eyes Only" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential or Highly Confidential Discovery Material; and

(b) in the case of depositions or other pretrial testimony in which Metso Discovery Material marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" has been introduced, the parties agree that the court reporter shall be directed to affix the appropriate confidential legend to the first page and all portions of the original and all copies of the transcript containing any Confidential or Highly Confidential Discovery Material and that the portions of the deposition

addressing such Metso Discovery Material shall be treated as set forth in paragraphs 6 and/or 7 below.

6. Metso Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) counsel for parties that have appeared in the Litigation, and employees of such counsel necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b) experts or consultants and their employees and clerical assistants, retained by any party for the purpose of testifying or rendering assistance or providing opinions in the Litigation, subject to the limitations and requirements of paragraph 9(A);

(c) witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in the Litigation, subject to the limitations and requirements of paragraph 9(B);

(d) the parties;

(e) any director, officer, or employee of a party who is requested by that party or its attorneys to work on the Litigation, and any professional employee of any person providing professional advice to any of the parties;

(f) the Court and its employees and staff and supporting personnel, including, but not limited to, law clerks, jurors, and alternative jurors, pursuant to paragraph 10 of this Stipulation and Order;

(g) court reporters employed in connection with this Litigation; and

(h) any other person only upon order of the Court or upon written stipulation of the Producing Party.

7. Discovery designated "Highly Confidential—Attorneys' Eyes Only" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) The law firms of Dun & Martinek, LLP and Chapman Popik & White LLP, and the attorneys and regular employees of such firms necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b) the Court and its employees and staff and supporting personnel, including, but not limited to, law clerks, jurors, and alternative jurors, pursuant to paragraph 10 of this Stipulation and Order; and

(c) court reporters employed in connection with the Litigation;

(d) experts or consultants and their employees and clerical assistants, retained by any party for the purpose of testifying or rendering

assistance or providing opinions in the Litigation, provided that the experts or consultants are not current or former employees of any party and subject to the limitations and requirements of paragraphs 9(A), (B), and (C); and

      (e)    any other person only upon order of the Court or upon written stipulation of the Producing Party.

8.    Nothing herein shall preclude a party from exhibiting, during deposition, hearing or trial proceedings, any Highly Confidential Discovery Material to: (1) the Producing Party; (2) an officer, director, managing agent, or professional advisor of the Producing Party; (3) an employee of the Producing Party who generated or received a copy of the Highly Confidential Discovery Material; or (4) any person to whom the Producing Party voluntarily provided the Highly Confidential Discovery Material; provided that the public and all other unqualified persons are excluded from that portion of the proceedings in accordance with this Court's procedures.

9.    (A) Highly Confidential and Confidential Discovery Material may only be provided to persons listed in Paragraphs 6(b) and 7(d) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Litigation, provided that such expert or consultant is using said Discovery Material solely in connection with the

Litigation, and further provided that such expert or consultant signs a commitment, in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Highly Confidential and Confidential Discovery Material for purposes other than those permitted hereunder.  Such commitments shall be retained in the files of the counsel for the parties who have engaged such consultant or expert.

    (B)    Every person given access to Confidential or Highly Confidential Discovery Material or information contained therein shall first be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

    (C)    Before disclosing any Highly Confidential Discovery Material or information contained therein to an outside consultant or expert pursuant to paragraph 7(d), the party or counsel that has retained such consultant or expert shall:

        i.    Identify each such consultant or expert to whom disclosure is proposed to be made by providing to counsel for Metso a copy of each such consultant's or expert's executed Confidentiality Undertaking along with a current

resume or curriculum vitae for each such consultant or expert.  The consultant's or expert's resume or curriculum vitae must identify all employers and clients for whom the consultant or expert has worked in the last four years, any litigation matters in which the consultant or expert has testified (either by way of expert report, deposition, or testimony at any hearing or trial) over the last four years, and any work performed for any party to this case at any time, excluding work performed with respect to the Litigation.

        ii.    The party or counsel that has retained a consultant or expert pursuant to paragraph 7(d) shall not disclose Highly Confidential Discovery Material or information contained therein to such consultant or expert for a period of seven business days from the date on which it provides the items specified in paragraph 9(C)(i), above.  If, within this period, Metso's counsel does not object, in writing, to the proposed disclosure, then such disclosure shall be permitted.  If there is an objection, and the parties are unable to resolve the issue, then any such dispute shall be resolved in the Court in which the action is pending, and all parties stipulate in advance to any party's ability to make an ex parte motion with notice to Metso for an order shortening time for the purpose of expediting the Court's review process and subject to Court approval, that counsel for all interested parties may appear by telephone.

10. All documents of any nature, including briefs and deposition transcripts, which have been designated as "Highly Confidential—Attorneys' Eyes Only" that are filed with the Court shall be filed with the Court under seal and shall remain under seal under such time as the Court orders otherwise.

11. This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Confidential or Highly Confidential Discovery Material for any purpose.

12. Failure to designate any information as Confidential or Highly Confidential Discovery Material pursuant to this Stipulation and Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Producing Party of all copies of documents inadvertently not designated as Confidential or Highly Confidential and the substitution, where appropriate, of properly labeled copies. Disclosure of Highly Confidential or Confidential Discovery Material prior to later designation as provided in this paragraph 12 shall not be a violation of this Order.

13. Any party who wishes to challenge the propriety of the designation of Metso Discovery Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" may do so by providing written notice to the Producing Party within

forty-five (45) days of the date of the designation of such Metso Discovery Material. The notice shall (a) attach a copy of each "Confidential" or "Highly Confidential—Attorneys' Eyes Only" document subject to challenge, or shall identify such document by production number or other appropriate designation, and state that the challenging party objects to the designation of such document as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" and (b) set forth the reason for such objection. The objecting party and the Producing Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached, the objecting party may seek a decision from the Court with respect to the propriety of the designation. The Confidential or Highly Confidential Discovery Material will continue to be protected by the terms of this Stipulation and Order until the Court orders otherwise. In the event that a party to the above-styled matter challenges a non-party's designation of documents or testimony as Confidential or Highly Confidential, any such dispute shall be resolved in the Court in which the subpoena was issued to the non-party, and all parties stipulate in advance, subject to Court approval, that counsel for all interested parties may appear by telephone.

14. Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a) operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

(d) prejudice in any way the rights of a party to seek a determination by the Court whether any Metso Discovery Material or Confidential or Highly Confidential Discovery Material should be subject to the terms of this Stipulation and Order; and

(e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information.

15. If information subject to a claim of attorney-client privilege or attorney work product is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose, except in good faith to dispute the claim of privilege or work product. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production.

16. Nothing in this Stipulation and Order shall preclude any party or Producing Party from complying with a subpoena or a request from a governmental agency requesting production of Confidential or Highly Confidential Discovery Material; provided, however, that counsel for the Producing Party shall be given notice of such a subpoena or request from a governmental agency within

seven (7) business days of receipt thereof by the party receiving the subpoena or request and at least seven (7) business days prior to production of any Confidential or Highly Confidential Discovery Material.  If the Producing Party files a motion for protective order in this Court, or in any other court of competent jurisdiction, then the party that received the subpoena or request will await a court ruling on the motion before producing the subpoenaed or requested documents or information.

17.   The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without limitation any appeals therefrom.  After the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all permissible appeals or expiration of time for appeals, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to counsel for the Producing Party.  However, subject to the terms of this Stipulation and Order, the parties and their counsel may retain copies of briefs and other papers that contain or constitute such

Confidential or Highly Confidential Information, including correspondence among counsel, deposition transcripts, trial exhibits of record, and other attorney's work product (excluding copies of any annexed materials that have been designated as Confidential Information). Any such documents shall continue to be treated as Confidential or Highly Confidential Discovery Material, as appropriate, pursuant to the terms of this Stipulation and Order.

18. In the event that any Confidential or Highly Confidential Discovery Material is used in any Court proceeding in the Litigation or any appeal therefrom, subject to the applicable Court rules, said Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential Discovery Material through such use. Nothing in this Stipulation and Order shall be construed to prevent a Producing Party who has designated material as Confidential or Highly Confidential Discovery Material from agreeing to release any such material or information from the requirements of this Order. A Producing Party's rights pursuant to this Stipulation and Order may only be waived by a writing clearly evidencing an intent to waive such rights.

19. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of material obtained by such party or witness independent of

discovery in this litigation, whether or not such material is also obtained through discovery in this litigation.

DATED:  November 13, 2009

STIPULATED TO AND AGREED BY:

| CHAPMAN POPIK & WHITE LLP | DUN & MARTINEK, LLP |
|---|---|
| /s/ | /s/ |
| John G. Heller<br>650 California Street, 19th Floor<br>San Francisco, CA  94108 | Shelley C. Addison<br>23131 Street, P.O. Box 1266<br>Eureka, CA  95502 |
| *Attorney for Defendant* | *Attorney for Plaintiff* |

## **ORDER**

Based on the foregoing stipulation, and good cause appearing therefor,

IT IS SO ORDERED.


DATED: 12/1/2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE