UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SIERRAPINE, a California
Limited Partnership

        Plaintiff,

  v.

REFINER PRODUCTS MANUFACTURING, INC., a North Carolina Corporation, and DOES 1-10, INCLUSIVE,

        Defendant.

NO. 2:08-cv-02144 MCE DAD

MEMORANDUM AND ORDER

Plaintiff Sierrapine ("Plaintiff") moves for Leave to File a Second Amended Complaint. For the reasons set forth below, Plaintiff's motion will be granted[1].

///
///

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. Local Rule 230(g).

1

**BACKGROUND**

Plaintiff commenced the instant civil action on August 4, 2008. This Court issued its initial Pretrial Scheduling Order ("PTSO") on January 13, 2009. Pursuant to the terms of the order, the Court noted that "no joinder of parties or amendments to pleadings is permitted without leave of the court, good cause having been shown." The PTSO further provided a deadline for completion of non-expert discovery. The initial discovery cut-off date, October 23, 2009, was subsequently extended to December 23, 2009. Plaintiff filed a First Amended Complaint on October 16, 2009.

Plaintiff now seeks permission to amend its complaint to add three new causes of action related to newly discovered information.

**STANDARD**

Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16,[2] which establishes a timetable to amend pleadings, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Thus, Plaintiff's ability to amend its complaint is governed by Rule 16(b), not Rule 15(a), as contended by Plaintiff. *See* Id. at 608.

///

---

[2] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

1 In addition, prior to the final pretrial conference, a court may
2 modify a status order upon a showing of "good cause."  <u>See</u> Fed.
3 R. Civ. P. 16(b).
4     "Unlike Rule 15(a)'s liberal amendment policy which focuses
5 on the bad faith of the party seeking to interpose an amendment
6 and the prejudice to the opposing party, Rule 16(b)'s 'good
7 cause' standard primarily considers the diligence of the party
8 seeking the amendment."  <u>Johnson</u>, 975 F.2d at 609.  In explaining
9 this standard, the Ninth Circuit has stated:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

<u>Id</u>. (citations omitted).

## ANALYSIS

To demonstrate diligence under Rule 16's "good cause" standard, courts have required movants to show the following: (1) that they were diligent in assisting the Court in creating a workable Rule 16 order, *see* <u>In re San Juan Dupont Plaza Hotel Fire Litig.</u>, 111 F.3d 220, 228 (1st Cir. 1997); (2) that, despite their diligent efforts to comply, their noncompliance with a Rule 16 deadline occurred because of the development of matters that could not have been reasonably foreseen or anticipated, <u>see</u> <u>Johnson</u>, 975 F.2d at 609; and

1 (3) that they were diligent in seeking amendment of the Rule 16
2 order, once it became apparent that they could not comply with
3 the order, see <u>Eckert Cold Storage, Inc. v. Behl</u>, 943 F. Supp.
4 1230, 1233 (E.D. Cal. 1996).  <u>Jackson v. Laureate, Inc.</u>, 186
5 F.R.D. 605, 608 (E.D. Cal. 1999).

6 Plaintiff satisfies this "good cause" standard because
7 Plaintiff was diligent in assisting the Court, noncompliance
8 occurred due to developments that could not have been reasonably
9 foreseen, and Plaintiff was diligent in seeking amendment of the
10 Rule 16 order.

11 First, Plaintiff was diligent in assisting the Court.  "As
12 Rule 16 recognizes, scheduling orders are at the heart of case
13 management" <u>Koplove v. Ford Motor Co.</u>, 795 F.2d 15, 18 (3d Cir.
14 1986) and "good faith compliance with Rule 16 plays an important
15 role in this process." <u>Veranda Beach Club Ltd. Partnership v.</u>
16 <u>Western Sur. Co.</u>, 936 F.2d 1364, 1371 (1st Cir. 1991).
17 Plaintiff's First Amended Complaint was filed three months ago,
18 on October 16, 2009.  The motion to amend followed only a month
19 later.  Between the time of filing the First Amended Complaint
20 and the present motion, Plaintiff made reasonable efforts in
21 responding to Defendant's inquiries in a timely manner and as a
22 result, discovered new information leading to this motion.
23 Plaintiff immediately made the court aware of the new information
24 and as such was diligent in performing those acts required by the
25 Court.
26 ///
27 ///
28 ///

4

1  Second, Plaintiff's present motion is the result of matters
2 that could not have been reasonably foreseen or anticipated.  In
3 calculating damages for this suit, Plaintiff states that it
4 relied on an employee's knowledge and provided Defendant with the
5 calculations in July 2009.  In October 2009, Defendant served
6 Plaintiff with discovery requests that specifically asked
7 Plaintiff to identify the reason for the down time calculations.
8 Plaintiff asserts that it diligently attempted to contact the now
9 former employee but its efforts were thwarted when the employee
10 refused to assist in the lawsuit.  Immediately following,
11 Plaintiff requested that another employee attempt these
12 calculations.  During this time, the employee discovered the new
13 information that Plaintiff now seeks to add to the complaint.
14 With these facts in mind, it seems clear that the Plaintiff acted
15 in good faith in responding to inquiries and abiding by
16 deadlines.  The issue of whether the defective plug screws and
17 throats supplied by RPM caused SierraPine a significant amount of
18 down time could not have reasonably been foreseen by the
19 Plaintiff under the circumstances.

20  Lastly, Plaintiff acted diligently in seeking to amend the
21 Rule 16 order.  Upon discovery of the new information on or
22 around October 2009, Plaintiff wished to amend the complaint.
23 Plaintiff alerted opposing counsel on November 6, 2009 that new
24 information had come to light and requested that the opposing
25 counsel stipulate to an amendment to the complaint.  When
26 Defendant denied the request, Plaintiff states that she promptly
27 began drafting this motion.  Plaintiff subsequently filed the
28 motion with the court on November 16, 2009.

1  Therefore, the time between the discovery of the new information
2  and the time of filing this motion was around one month.
3     Defendant asserts that prejudice would result should the
4  motion be granted.  However, as stated *supra*, "as the existence
5  or degree of prejudice to party opposing modification might
6  supply additional reasons to deny a motion, the focus of the
7  inquiry is upon the moving party's reasons for seeking
8  modification."  Johnson, 975 F.2d at 609.  Further, the new claim
9  should present a minimal degree of surprise to Defendant since
10 the Defendant supplied this product to Plaintiff and Defendant
11 was notified that a civil suit was underway between the parties
12 regarding their dealings.  In addition, the Defendant can cure
13 this prejudice with additional deposition(s) if necessary.

**CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED.

IT IS SO ORDERED.

Dated: January 19, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

6