UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIERRAPINE, a California
Limited Partnership,        No. 2:08-cv-02144-MCE-DAD

       Plaintiff,

  v.                        **ORDER ON MOTION FOR**
                               **RECONSIDERATION**

REFINER PRODUCTS
MANUFACTURING, INC., a
North Carolina Corporation,
and DOES 1-10, inclusive,

       Defendants.

----oo0oo----

In bringing the present Motion for Reconsideration, Plaintiff SierraPine ("Plaintiff") asks this Court to "reconsider the Magistrate Judge's Order (ECF No. 95) denying production of an unredacted copy of the policyholder's release". Motion, 1:2-4.[1]

///

---

[1] As Plaintiff states, this is the only portion of the Magistrate Judge's Order as to which reconsideration is sought. Motion, 1:23-24.

1

Under the terms of that release, Defendant discharged its insurer, Traveler's Insurance Company, from any further defense or indemnity obligation stemming from the claims brought by Plaintiff that underlie the present lawsuit.  Defendant produced a complete copy of the policyholder's release in discovery authorized by this Court's Order of May 11, 2001, but redacted the portion of the release setting forth the amount of compensation it received on grounds that the consideration paid was not relevant.

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[2]  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Products of Calif., Inc. v. Constr. Laborers Pension Trust for So. Calif., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently.  Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

---

[2] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Similarly, 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

2

After reviewing the entire file, this Court cannot say that the Magistrate Judge's decision was clearly erroneous as that standard has been defined.  To the contrary, this Court concurs with the reasoning of the Magistrate Judge in all respects.

The Magistrate Judge concluded that discovery concerning the monies received by Defendant from Travelers amounts, in essence, to information about Defendant's assets and ability to satisfy a potential judgment in the context of a breach of contract and breach of warranty action." Order, ECF No. 95, 2:15-17.  As such, the Magistrate Judge found that such information was neither relevant or reasonably calculated to lead to the discovery of admissible evidence in the present lawsuit. Id. at 2:17-19.  The Magistrate Judge reasoned that the disputed discovery in far amounted to premature discovery of a judgment debtor which is proper, if at all, only in post-judgment proceedings and not in the liability phase of the case.

While the undersigned did agree to open discovery for the limited purpose of inquiry into the policyholder's release, it did not express any opinion as to the ultimate substantive merit of that discovery.  Here, Defendant did produce the policyholder's release, which shows an unequivocal discharge of any claims by Defendant against its insurer in exchange for monetary remuneration.  In this Court's view, the Magistrate Judge properly found that additional inquiry into the amount of compensation received was improper.

///
///
///

1    Although Plaintiff would clearly like to know what monies
2 Defendant received in order to assess Defendant's settlement
3 offer, and to evaluate whether it remains cost-effective to
4 pursue this litigation through trial, courts across the country
5 have found that discovery regarding a defendant's financial
6 condition or ability to satisfy a judgment is not relevant to the
7 parties' claims or defenses.  See Order, ECF No. 95, 2:22-11:17
8 and cases cited therein.  That discovery only becomes proper if
9 and when a plaintiff has already obtained a judgment against a
10 defendant and seeks to execute against such judgment.
11    Perhaps recognizing this procedural obstacle, Plaintiff
12 argues that the policyholder's release amounts to an "amendment"
13 to the insurance policy itself, and contends that because it has
14 the right to discover the underlying policy itself (as well as
15 any policy limits contained therein) it should also have
16 unfettered access to the release insofar as it amends the policy.
17 As the Magistrate Judge points out, however, the release
18 contemplates no ongoing insurance, indemnity or defense
19 relationship between Travelers and the Defendant.  By its terms,
20 a release, which gives up all rights, is plainly not the same
21 thing as an amendment which modifies existing, and continuing
22 obligations.
23    The unpublished decision in All AT&T Corp. Fiber Optics Pls.
24 v. All AT&T Corp. Fiber Optics Defs., 2002 U.S. Dist. LEXIS 11219
25 (S.D. Ind. 2002), while plainly not binding on this Court, is
26 nonetheless instructive and the undersigned adopts its reasoning.
27 ///
28 ///

1  In AT&T, like the present matter, the plaintiffs argued that
2  whatever consideration AT&T received in the settlement it entered
3  into with its insurer was the "functional equivalent of insurance
4  coverage previously available to AT&T. Id. at * 7-8. The AT&T
5  court rejected that argument, stating unequivocally that "the
6  consideration AT&T received is not the functional equivalent of a
7  liability insurance and is not discoverable." Id.
8  Significantly, too, the court rejected an argument similar to
9  Plaintiff's claimed need to have information about the
10 consideration paid in order to decide how and whether to move the
11 case forward. As the court reasoned,

> "The fact that more thorough knowledge of AT&T's finances might help plaintiffs formulate a strategy for settlement negotiations does not render the terms of the agreement discoverable. Similarly, knowledge of a defendant's or insurer's litigation reserves would be helpful to plaintiffs in many cases for the same reasons, but such information is ordinarily not discoverable.

Id.

Given the foregoing, then, the Magistrate Judge's ruling, to the extent it refused to compel disclosure of the monies received by Defendant from Travelers Insurance Company pursuant to the policyholder's release, was not clearly erroneous. Plaintiff's Motion for Reconsideration (ECF No. 97) is consequently DENIED.

IT IS SO ORDERED.

Dated: March 29, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5